[No. 799.]

ABRAHAM BANTA, RESPONDENT, *v.* L. C. SAVAGE, APPELLANT.

FRAUDULENT REPRESENTATIONS—ADMISSIONS IN ANSWER.—In an action to recover damages for alleged false and fraudulent representations in the sale of land, the plaintiff, among other things, alleged that defendant represented that all the waters of Thomas creek "belonged to him, to use and appropriate as his own," upon the Geller ranch; that said representations were false, and were made to deceive plaintiff, and to induce him

to purchase said ranch. The defendant in his answer denied that he ever made any such representations, and, among other things, alleged that no water, water rights, or privileges of any kind were mentioned in his deed to plaintiff, "nor were they appurtenances of said ranch or land:" *Held*, that the plaintiff, under the pleadings, was not required to offer any proof that the waters of Thomas creek did not belong to, or were not appurtenant to the Geller ranch, and that the defendant was estopped by the averments and admissions in his answer from relying upon any such defense.

REPRESENTATIONS WHEN FRAUDULENT.—No representations, however false, amount to a fraud in law, unless it be of a fact, which fact is material to the contract or transaction.

IDEM—EXPRESSIONS OF OPINION OR FACT.—The mere expression of an opinion which does not involve the assertion of a fact, although the opinion be incorrect, will not make the person expressing it liable in an action for false and fraudulent representations.

IDEM—PROVINCE OF A JURY. — It was the province of a jury, under the facts and circumstances of this case, to decide whether the representations as made by defendant were intended as the statement of a fact and whether they were so received and acted upon by defendant, or were mere expressions of opinion.

APPEAL from the District Court of the Second Judicial District, Washoe county.

The facts are sufficiently stated in the opinion.

*R. M. Clarke*, for Appellant:

I. The court erred in denying the second instruction asked by the defendant. What defendant expressed was a mere opinion for which he is not responsible in law. (2 Pars. on Cont., 275-76, notes j k; 1 Story on Cont., sec. 637; *Long* v. *Woodman*, 58 Maine, 52; *Holbrook* v. *Conner*, 60 Maine, 578; *Cooper* v. *Lovering*, 106 Mass. 77: *Mooney* v. *Miller*, 102 Mass. 217.

II. The court erred in denying defendant's fourth instruction. If the water of Thomas creek below the Bowker ranch, in fact belonged to the Geller ranch, and the plaintiff suffered the farmers above to divert it, and deprive him of its use, then he can have no action. It was not the defendant's duty to make the water flow to plaintiff's land or to protect his estate against trespassers.

III. The court erred in denying defendant's fifth and giving plaintiff's first instruction. The answer is not an admission that the waters of Thomas creek do not belong

to the Geller ranch; because Thomas creek is a natural watercourse, and as such is not "appurtenant" but "parcel" of the land. (*Vansickle* v. *Haines,* 7 Nev. 266; Angell on Watercourses, secs. 6, 8, 9, 92.)

Furthermore, the cause was tried upon the theory that it was a vital issue whether Thomas creek belonged to the ranch or not, and upon this issue proofs were admitted and arguments made. And the rule established after the case was closed, and when too late to amend, was a surprise and injury to the defendant which the court ought not to tolerate.

*Ellis & King,* for Respondent:

I. The declaration of the defendant to the plaintiff, that there was water enough or plenty of water to irrigate the ranch at any time, or to flood the ranch in two hours, was not the mere expression of an opinion. There is nothing problematical or conditional in it. The existence of a fact was the subject of conversation and of inquiry; that fact was the most natural one to be ascertained. Upon the existence of a state of facts, as by the defendant asserted, a bargain was to be effected. That state of facts was not only asserted to exist at all times, but was then illustrated by defendant.

In all respects this declaration is unlike the giving of a mere opinion. It is not the language of *"puffing."* (1 Story on Contracts, sec. 637, note 2, and cases cited; as to whether this was merely the expression of opinion, 18 Vt. 176; 1 Story on Contracts, sec. 636, note 3, and cases cited; 1 Parsons on Contracts, 578.)

II. The court did not err in refusing the fourth instruction of the defendant which is assigned as error. The pleadings settle this question. It is asserted in the answer, that the waters of Thomas Creek do not belong to the Geller ranch, so, also, the complaint alleges. There is in the answer no denial of this allegation in the complaint. (15 Cal. 638; 12 Cal 403.) As to the admissions in the answer, and their effect against general denials therein contained: *Fremont* v. *Seals,* 18 Cal. 434.

By the Court, HAWLEY, C. J.:

This is an action to recover damages for alleged false and fraudulent representations of and concerning certain water rights, privileges and appurtenances, represented by defendant as belonging to the Geller ranch. The facts material to be considered, as testified to by plaintiff, may be briefly stated as follows:

The plaintiff Banta came to Washoe county a stranger, desirous of purchasing a farm. Hearing that the defendant Savage wished to sell the land known as the "Geller ranch," he went to see him, and after making known his errand, the defendant exhibited his title papers and said "that all the waters of Thomas creek below the Bowker ranch belonged to the Geller ranch." In proof of this statement he read the deed from Geller to him, and called plaintiff's particular attention to this clause: "The party of the first part herein conveying to the party of the second part all his right, title and interest in and to the water of the Thomas creek, after the same leaves the ranch known as the Bowker ranch." The parties then went upon the land and continued talking about the water for irrigation. The defendant told plaintiff "there was water enough to flood the ranch in two hours at any time."

After these statements the defendant conducted plaintiff to Dry creek (the plaintiff supposing it from previous conversations to be Thomas creek), and pointed out a ditch leading from a dam in the creek, which he said conducted the water to the ranch. No water was running in the ditch, it being out of repair. There were about seventy-five inches of water running in the creek, which the defendant said would increase when the farmers above began to use water for irrigation from the Truckee river. Dry creek is not upon the land sold to plaintiff; Thomas creek is.

In traveling over the land the parties crossed Thomas creek; there was no water running in it at the time. Plaintiff did not know that it was Thomas creek, and the defendant did not point it out as such.

The plaintiff, relying upon the representations of defend-

ant, that there was water enough belonging to the land to irrigate it, bought the property for forty-five hundred dollars. The deed from defendant to plaintiff conveys the land "and appurtenances," but does not mention any water, water rights or privileges.

The testimony upon the part of plaintiff, at the trial, tended to show that all the representations made by defendant were false; that defendant knew them to be false; that the plaintiff was induced to purchase the land, believing them to be true, and that he had been damaged in consequence thereof.

The jury found a verdict in favor of the plaintiff for six hundred dollars, and defendant appeals.

Upon the trial defendant introduced evidence tending to prove that the waters of Thomas creek below the Bowker ranch did belong to the Geller ranch, and that the farmers above the Geller ranch had diverted the water and deprived the plaintiff of its use. But the court, at the request of plaintiff's counsel, notwithstanding the fact that such evidence had been introduced without objection, instructed the jury "that the parties by their pleadings in this action admit that the waters of Thomas creek do not belong to and are not appurtenant to the Geller ranch or the land described in the complaint," and refused to give the fourth and fifth instructions asked by defendant. We think the action of the court in this respect was correct.

It is alleged in the complaint that the defendant represented that the waters of said Thomas creek "belonged to him, to use and appropriate as his own at all times for irrigation upon said ranch," and that the right and title thereto was in him. It is averred that said representations about said water and the use thereof, and the ownership thereof were false and fraudulent, and were made by defendant to deceive plaintiff and to induce him to purchase said ranch.

The defendant in his answer denies that he ever made any such representations, and for affirmative matter alleges: "That at the time mentioned in the complaint, and for the consideration therein mentioned he bargained with the said plaintiff to sell him the Geller Ranch and other land de-

scribed in the complaint, and gave him (plaintiff) a quit-claim deed or deeds, therefor; that no water, water rights or privileges of any kind were mentioned in said deed, or deeds, to plaintiff, nor were they appurtenances of said ranch or lands, defendant thereby selling the right, title and interest in and to said lands which he himself had, and that plaintiff took and could take no other."

After a careful examination of all the averments in the complaint and answer, which are unnecessarily lengthy and very carelessly drawn, we are of opinion that the plaintiff, under the pleadings, was not required to offer any proof that the waters of Thomas creek did not belong to or were not appurtenant to the Geller ranch, and that the defendant was estopped by the averments and admissions in his answer from relying upon any such defense.

As the defendant did not ask leave of the court to amend his answer in this respect, he must be bound by his own positive averments. (*Blankman* v. *Vallejo*, 15 Cal. 645.)

It follows, therefore, that the court did not err in giving the first instruction asked by plaintiff, and refusing to give the fourth and fifth instructions asked by defendant.

The court did not err in refusing to give the second instruction asked by defendant. It reads as follows: "The jury are instructed that no representations, however false, amount to a fraud in law unless it be of a fact, which fact is material to the contract or transaction; that the mere expression of an opinion, which opinion does not involve the assertion of a fact, although the opinion be incorrect, will not make the person expressing the opinion liable in an action for false and fraudulent statements; and that the statements alleged to have been made by Savage to Banta, to wit; that there was water enough, or plenty of water, to flood or irrigate the land, is not such a statement as will support this action or entitle the plaintiff to recover, if, in fact, such statement was made and is false."

The first and second clauses in the instruction are correct, but the last is erroneous in this: that it infringes upon the province of the jury, whose duty it was, under all the facts and circumstances of this case, to decide whether the

representations as made by defendant were intended as the statement of a fact, and whether they were so received and acted upon by defendant, or were mere expressions of opinion.

Story, in his work on contracts, in discussing the various questions presented by the misrepresentations of the vendor, lays down the rule as follows: "If the seller fraudulently misrepresents facts, or states facts to exist which he knows not to exist, his fraud would vitiate the contract, provided the misstatements were in respect to a material point." (Section 636.) But where a statement is not made as a fact, but only as an opinion, the rule is quite different. Thus a false representation as to a mere matter of opinion * * * does not avoid the contract. * * * Ordinarily, a naked statement of opinion is not a representation on which a buyer is legally entitled to rely, unless, perhaps, in some special cases where peculiar confidence or trust is created between the parties. The ground of this rule is, probably, the impracticability of attempting to discover by means of the rules of law the real opinion of the party making the representation, and also because a mere expression of opinion does not alter facts, though it may bias the judgment. Mere expressions of opinion are not, therefore, considered so tangible a fraud as to form a ground of avoidance of a contract, even though they be falsely stated. * * * Yet, where a representation is made, going to the essence of a contract, the party making it should be careful to state it as an opinion, and not as a fact of which he has knowledge, or he may be liable thereon. The question whether a statement was intended to be given as an opinion, and was so received, is, however, one for a jury to determine, upon the peculiar circumstances of the case. But whenever a belief is asserted, as in a fact, which is material or essential, and which the person asserting knows to be false, and the statement is made with an intention to mislead, it is fraudulent and affords a ground of relief." (Section 637.)

Now, in this case, it was not only the duty of the jury to consider all the statements made by the defendants,

while upon the ranch, concerning the water, but they were also authorized to take into consideration his conduct as well as his representations, and to determine from all the facts and circumstances whether or not his representation "that there was water enough to flood the ranch in two hours" was made as a mere expression of an opinion, or was a statement of a fact that was calculated and intended to deceive and mislead the plaintiff. "The common law does not oblige a seller to disclose all that he knows which lessens the value of the property he would sell. He may be silent, leaving the purchaser to inquire and examine for himself, or to require a warranty. He may be silent and be safe; but if he be more than silent; if by acts, and certainly if by words, he leads the buyer astray, inducing him to suppose that he buys with warranty, or otherwise preventing his examination or inquiry, this becomes a fraud, of which the law will take cognizance. The distinction seems to be, and it is grounded upon the apparent necessity of leaving men to take some care of themselves in their business transactions, the seller may let the buyer cheat himself *ad libitum*, but must not actively assist him in cheating himself." (1 Par. on Con. 578.)

The second instruction asked by plaintiff and given by the court is unobjectionable.

The judgment of the district court is affirmed.