CULINARY AND HOTEL SERVICE WORKERS UNION, LOCAL NO. 226, AND AL BRAMLET, SECRETARY OF SAID DEFENDANT ORGANIZATION, APPELLANTS, *v.* EDWARD HAUGEN, JR., RESPONDENT.

No. 4360

November 18, 1960                    357 P.2d 113

(Petition for rehearing denied December 23, 1960.)

*W. Albert Stewart, Jr.,* of Las Vegas, and *Morris Sankary,* of San Diego, California, for Appellants.

*Franklin Rittenhouse,* of Las Vegas, and *McNamee & McNamee,* of Las Vegas, for Respondent.

# OPINION

ON MOTION TO DISMISS APPEAL

**Appeal Dismissed**

By the Court, BADT, J.:

Respondent has moved to dismiss the appeal of appellants upon the grounds (1) that the notice of appeal was not filed within the time prescribed by NRCP; (2) that the record of appeal was not filed or docketed in time; and (3) that the opening brief of appellants was not filed in time.

As we are of the opinion that the motion to dismiss must be granted upon the first ground, the untimely filing of the notice of appeal, the second and third grounds of the motion need not be considered.

Written notice of the entry of judgment was served and filed May 5, 1960. Notice of appeal was filed July 22, 1960. On May 12, 1960 the parties signed a stipulation extending the time to move for new trial to June 6, 1960. Such stipulation was approved by the court. On June 2, 1960 the trial court entered an ex parte order extending time to move for new trial to June 27, 1960, and on the last-named date the motion for new trial was filed. On July 19, 1960 plaintiff moved the district court to strike the defendants' motion for new trial. No order has been made by the district court granting or denying the motion for new trial or granting or denying the motion to strike the motion for new trial.

The rules involved in the present motion to dismiss

the appeal are Rules 59(b), 73(a), and 6(b), NRCP. Rules 59(b) and 73(a) are respectively as follows:

"Rule 59(b)  Time for Motion.  A motion for a new trial shall be served not later than 10 days after service of written notice of the entry of the judgment."

"Rule 73(a)  When and How Taken.  When an appeal is permitted the time within which an appeal may be taken shall be 30 days from service of written notice of entry of the judgment appealed from. The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from service of written notice of the entry of any of the following orders made upon a timely motion under such rules: * * * granting or denying a motion for a new trial under Rule 59. * * *"

Rule 6(b), concerning the enlargement of time, reads as follows—the italicized clause appearing only in the Nevada rule but not in the federal rule:

"Rule 6(b)  Enlargement.  When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, *the parties, by written stipulation of counsel filed in the action, may enlarge the period, or* the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 25, 50(b), 52(b), 59(b), (d) and (e), 60(b), and 73(a) and (g), except to the extent and under the conditions stated in them." In all other respects the Nevada Rule 6(b) is identical with the Federal Rule 6(b).

Our Rule 6(b), in identical wording with Federal Rule 6(b), limits the right of the court to enlarge the time for filing motion for new trial or notice of appeal in the following words: "* * * but it may not extend the

time for taking any action under rules 59 (b) [motion for new trial] * * * and 73 (a) [notice of appeal]."

If the appellants' motion for new trial was timely filed, then, in the absence of any notice given of the order of court denying same, their appeal was timely filed. If the motion for new trial was not timely filed, it did not toll the running of time within which to file the notice of appeal from the judgment. So much is clear. Our only concern, then, is whether the motion for new trial was timely filed.

The federal courts have on numerous occasions held that under the federal rule the court was without jurisdiction to extend the time for filing motion for new trial. Raughley v. Pennsylvania Railroad Company, 3 Cir., 230 F.2d 387; John E. Smith's Sons Co. v. Lattimer Foundry & Mach. Co., D.C., 19 F.R.D. 379; Safeway Stores v. Coe, 78 U.S.App. D.C. 19, 136 F.2d 771, 148 A.L.R. 782; 1 Barron and Holtzoff, Federal Practice & Procedure, § 214, p. 785.

Appellants, however, seek to distinguish these cases by reason of the difference between the federal rule and the Nevada rule and call attention to the fact that while under the federal rule authority is given only to the court and not to the parties, by stipulation, to enlarge time for the performance of necessary acts under the rules, under the Nevada statute the parties may likewise by stipulation extend time. Appellants call attention further to the fact that in the present instance the parties did by stipulation extend the time, and that the prohibition against extension of time for filing motion for new trial and for filing notice of appeal applies only to the court and not to the parties. This, however, under the record, cannot avail appellants. Since notice of judgment was served May 5, 1960 and since the parties stipulated for extension of time for filing motion for new trial to June 6, 1960 (and in this opinion we do not find it necessary to pass upon the validity of such extension by stipulation), the extension granted (or attempted to be granted) by stipulation expired June

6, 1960. The filing of the motion for new trial on June 27, 1960 can find justification only under the ex parte order of the court filed June 2, 1960 and not under the stipulation of the parties.

Accordingly, it is clear that there was not a *timely* motion for new trial and consequently no termination of the running of the time for appeal, and respondent's motion to dismiss the appeal must be granted.

The notice of entry of judgment, the receipt of the copy of such notice, the findings of fact and the conclusions of law, and the judgment all bore date May 5, 1960. In all of these instruments the month, April, had been corrected by lining the same out with the typewriter and inserting the word "May." Appellants contend that such correction, thus made without the clerk's notation of the change made before filing, is contrary to the requirements of Rule 19 of the Rules of the District Court. While compliance with the district court rule (which also contains a requirement that all pleadings and documents intended for the district court files shall be on paper known as "legal cap" of good quality) is entitled to the encouragement of this court, we are unwilling to say that the violation thereof (if the correction described constituted an "interlineation" in violation of the rule) destroyed the effectiveness of the notice.

Appellants further contend that Rule 6(b) to the effect that the court "may not" extend the time for filing motion for new trial or for filing notice of appeal is permissive and not mandatory and that the district court was therefore authorized in its discretion to extend the time. Appellants refer to Rule 2(8) of the Supreme Court and 2(6) of the Rules of the District Court, both of which define "shall" as mandatory and "may" as permissive. It does not logically follow, however, that the requirement that the court "may not" extend the time is anything but prohibitive. John E. Smith's Sons Co. v. Lattimer Foundry & Mach. Co.,

supra, Safeway Stores v. Coe, 78 U.S.App. D.C. 19, 136 F.2d 771, 148 A.L.R. 782.

■■■■■■■■

While this court has often expressed its adherence to hearing appeals on the merits rather than dismissing the same on technical grounds, it cannot do so in absence of compliance with the jurisdictional requirement for filing notice of appeal within the time limited by the rules. Rogers v. Thatcher, 70 Nev. 98, 255 P.2d 731.

The appeal from the judgment is hereby dismissed.

### ON SUBSEQUENT PROCEEDINGS BY APPELLANT

The motion to dismiss the appeal above disposed of was ordered submitted October 3, 1960. The opinion was in process of being signed and filed when, on October 28, 1960, appellants filed a document entitled "New Record on Appeal." Although the foregoing opinion notes that the defendants' motion for new trial and the plaintiff's motion to strike the motion for new trial had never been disposed of by the trial court, the new record on appeal shows that on September 30, 1960, the trial court filed an opinion and decision granting plaintiff's motion to strike defendants' motion for new trial. The trial court's opinion is almost identically along the lines of this court's foregoing opinion. The new record includes a notice of appeal from such order, "and from said order if and to the extent that said order can be considered and treated as an order denying plaintiff's motion for a new trial." Such notice is dated and filed October 4, 1960. From the new record it also appears that on October 5, 1960 defendants moved for relief from the judgment under Rule 60 on the ground of mistake, inadvertence, surprise, excusable neglect, misconduct on the part of plaintiff, and on the ground that the judgment is void. This was supported by affidavit reciting the same facts as to the stipulation and order extending time for motion for new trial, etc., and the reliance of the defendants thereon, as disposed of in the foregoing opinion. It further appears that an affidavit in opposition was filed on October 7, 1960,

rejecting such claim. The new record also contains a notice of appeal, dated October 21, 1960, from the court's order denying defendants' motion to strike plaintiff's notice of entry of judgment. It also contains a notice of appeal filed the same date from the court's order denying defendants' motion for relief under Rule 60.

It would be futile to put the parties to the necessity of further briefs on the merits or for further motions supported by briefs on the issues raised by the three new notices of appeal. With one exception, all issues have been disposed of in the foregoing opinion. The only exception has to do with the appeal from the court's denial of relief from the judgment under Rule 60. Not only was this largely within the court's discretion, but we do not see how the court could have reached any other conclusion than it did.

It is therefore further ordered that the appeal from the trial court's order granting the plaintiff's motion to strike defendants' motion for new trial and the defendants' appeal from the court's order denying their motion to strike the notice of entry of judgment and the defendants' appeal from the court's order denying the defendants' motion for relief under Rule 60 be, and each of such appeals is, dismissed.

PIKE, J., and WINES, D. J., concur.

MCNAMEE, C. J., being disqualified, the Governor commissioned Honorable Taylor H. Wines, Judge of the Fourth Judicial District Court, to sit in his place.