CLARK SANITATION, INC., A NEVADA CORPORATION, APPELLANT, v. SUN VALLEY DISPOSAL CO., INC., A NEVADA CORPORATION, RESPONDENT.

No. 6299

July 13, 1971                    487 P.2d 337

*Foley Brothers,* of Las Vegas, for Appellant.

*Morton Galane,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This case concerns the award of an exclusive garbage collection franchise and dump site use permit by the Board of County Commissioners of Clark County to Clark Sanitation, Inc. The plaintiff, Sun Valley Disposal Co., Inc., was an unsuccessful bidder for that franchise. Before the grant of the exclusive franchise, Sun Valley was in open competition with Clark Sanitation in the collection of garbage in the unincorporated area of Clark County. The award to its competitor effectively put Sun Valley out of business and precipitated this litigation.

It is the contention of Sun Valley that the Board was induced to award the franchise to Clark Sanitation because of the latter's misrepresentations as to the value of the equipment available for use in servicing the franchise and use permit. Consequently, it named Clark Sanitation and the Board as defendants to this action, seeking damages from the former and a declaratory judgment that the franchise awarded by the latter is void, and demanded a jury trial of all claims asserted against each defendant. The court allowed the claim for damages against Clark Sanitation to be tried to a jury, but reserved unto itself resolution of the equitable claim for declaratory relief. This bifurcation was permissible. NRCP 39; cf. Harmon v. Tanner Motor Tours, 79 Nev. 4, 377 P.2d 622 (1963).

The jury favored Sun Valley with its verdict for $131,800 against Clark Sanitation, and the court, finding no just reason for delay in entering judgment thereon, NRCP 54(b), did so. Much later, the court signed an order annulling the franchise awarded by the Board. Clark Sanitation has appealed from

the judgment entered upon the jury verdict and from the court order of annulment.[1]

In 1960 the Legislature authorized any board of county commissioners to grant an exclusive franchise to operate garbage collection and disposal services outside the limits of incorporated cities within the county, and allowed the board, by ordinance, to regulate such services and fix fees and rates to be charged by the franchiseholder. The board was directed to give full consideration to any bid to supply such services and to grant the franchise "on terms most advantageous to the county and the persons to be served." NRS 244.187.[2]

On June 8, 1964 the Board of Commissioners enacted Ordinance 214 which fixed the charges for the collection, hauling and disposal of garbage and established standards. Thereafter, the Board declared its intention to grant an exclusive franchise, and advertised for bids. The invitation to bid required the bidders to submit their bid offers in the form of "Proposed Contracts" which the county had prepared. One of the proposed contracts concerned the collection and disposal of garbage and the other was for the maintenance and operation of sanitary fill facilities or dump sites. The contract forms called for the bidder to designate the estimated value of owned or leased equipment available to service the collection of garbage and the maintenance and operation of the dump or dumps.

Clark Sanitation responded to this invitation and represented on the contract forms that it could make available for the garbage collection and disposal franchise, owned or leased equipment of the estimated value of $327,010.96, and for the

---

[1]Sun Valley moved to dismiss the appeal from the judgment for damages upon the ground that it was prematurely taken. Notice of entry of judgment was given on February 12, 1970, and the time to appeal therefrom commenced to run. On February 20 Clark Sanitation filed a motion for judgment n.o.v. or for a new trial thereby terminating the running of the time for appeal Rule 73(a). This motion was denied on April 16, but written notice of the entry of the order of denial was not filed until May 1. Meanwhile, on April 20, Clark Sanitation had filed its notice of appeal. Sun Valley contends that the notice of appeal is without legal effect since it was filed before service of written notice of entry of the order denying the post-judgment motion. We reject this contention summarily upon analogy to the reasoning of Culinary Workers v. Haugen, 76 Nev. 424, at 427, 357 P.2d 113 (1960). The motion to dismiss is denied.

[2]The legislative authorization was permissive—"any board of county commissioners may grant . . ."—and probably did not constitute a grant of power not already possessed since the collection and disposal of garbage has not been considered a "public project" to be let to the lowest responsible bidder after notice. Davis v. City of Santa Ana, 239 P.2d 656 (Cal.App. 1952).

maintenance and operation of the dump sites, owned or leased equipment of the estimated value of $81,200. The fraud and misrepresentation claimed in this case is with regard to the mentioned estimates of value of available equipment. The unsuccessful bidder, Sun Valley, contends that the representations as to value were grossly overstated, made with the intention to deceive the Board and did, in fact, cause the Board to award the franchise to Clark Sanitation.

The thrust of this appeal by Clark Sanitation is that fraud and misrepresentation in the procurement of the franchise was not established as a matter of law. The appellant preserved this contention throughout by appropriate Rule 50 motions before and after verdict and judgment. If this contention is correct we need not discuss other assigned errors, but must set aside the judgment and annulment order and reinstate the franchise. It is our opinion that this contention is sound.

1. The alleged misrepresentations: The burden was placed upon the plaintiff, Sun Valley, to support its contention of fraud by clear and convincing proof. Miller v. Lewis, 80 Nev. 402, 395 P.2d 386 (1964); Tallman v. First Nat. Bank, 66 Nev. 248, 208 P.2d 302 (1949); Gruber v. Baker, 20 Nev. 453, 23 P. 858 (1890). Although this is primarily a trial court standard, its view of the matter is not necessarily conclusive since, upon review, we must consider the sufficiency of the evidence in the light of that standard, Sheehan v. Sullivan, 58 P. 543, 544 (Cal. 1899), and where there exists no more than a paucity of evidence to support the charge of fraud, we will not hesitate to reverse. Nevada Mining & Exp. Co. v. Rae, 47 Nev. 182, 223 P. 825 (1924).

In the matter at hand the invitation to bid called only for the estimated value of owned or leased equipment. A standard was not specified. The services of an appraiser were not contemplated or required. The bidder's estimate of value was sufficient. An estimate is an opinion and an estimate of value is an opinion as to value upon which reasonable and honorable men may hold differing views. This is the basis for the frequently announced rule that a charge of fraud normally may not be based upon representations of value. Frankfurt v. Wilson, 353 S.W.2d 490 (Tex. 1961); Burke v. King, 56 P.2d 1185 (Okl. 1936). In a different context Nevada has recognized that expressions of opinion as distinguished from representations of fact, may not be the predicate for a charge of

fraud. Banta v. Savage, 12 Nev. 151 (1877). There are, of course, exceptions.

Clark Sanitation's formal bid for the garbage collection and disposal franchise was accompanied by a comprehensive letter in which each item of equipment was described (most items being designated by year, make and model), and the value ascribed to each was replacement value. The Board, therefore, knew, in general terms, the basis upon which the total value of all the equipment mentioned in the bid was estimated. The same is true with regard to the valuation of equipment available to service the sanitary fill facilities.[3]

2. The alleged reliance by the Board: Assuming intentional misrepresentations of equipment value by Clark Sanitation, the evidence, when viewed in the light of the clear and convincing standard, is insubstantial to show the Board's reliance thereon. Such evidence is essential before a claim for relief is established. Royce v. Hampton, 16 Nev. 25 (1881). Four of five commissioners voted to award the exclusive franchise and use permit to Clark Sanitation. The fifth commissioner passed his vote. Each testified at trial. A fair summary of their testimony is that the estimated value of available equipment was considerably less important to their decision than was the amount of equipment, the financial stability of the bidders, and their ability to perform.

In awarding the exclusive franchise and use permit to Clark Sanitation, the Board apparently had in mind the statutory direction contained in NRS 244.187 to do so "on terms most advantageous to the county and the persons to be served."

Reversed, with direction to enter judgment for the defendants below and to reinstate the franchise and use permit.

ZENOFF, C. J., BATJER, MOWBRAY, and GUNDERSON, JJ., concur.

---

[3]As to this, the total valuation was $81,200 which included, inter alia, $30,000 for 4.5 miles of partly paved roads to the dump site. This is not "equipment." However, the letter accompanying the bid disclosed this fact, and the Board could not have been misled.