BRUNO LUBBE AND HELEN LUBBE, APPELLANTS, v. JOHN JOSEPH BARBA AND MARGARET JANET BARBA, RESPONDENTS.

No. 7778

September 29, 1975                    540 P.2d 115

*Lance R. VanLydegraf,* of Reno, for Appellants.

*Paul A. Richards,* of Reno, for Respondents.

## OPINION

By the Court, BATJER, J.:

On October 18, 1972, George Silknitter, a real estate salesman for Ryan Realty, Inc., exhibited to respondents property known as "Sky Lake Inn," owned by appellants and located on Mt. Rose Highway in Washoe County, Nevada. Respondents and Silknitter arrived at the property at about 3:30 a.m. and entered the building with a key which had been previously furnished by appellants. They inspected the second floor of the premises and about 5:30 a.m. went downstairs and awoke appellants.

Silknitter prepared an offer and acceptance agreement. During this time appellants revealed to respondents that a section of the asbestos shingles was missing and a few windows

were broken. At the request of both parties, an "as is" condition was inserted into the offer and acceptance agreement. Mr. Barba and Mrs. Lubbe signed the agreement. Mr. Lubbe refused to sign. Respondents then made a deposit of $5,000 with appellants.

On November 6, 1972, appellants executed escrow instructions for the sale of the property to respondents at the appraised price of $72,000. Respondents made a down payment of $10,000, assumed the payment of the balance due on a promissory note secured by a first deed of trust, and executed a promissory note in the amount of $38,000, secured by a second deed of trust. After escrow closed respondents applied for a restaurant business license and discovered that certain corrections were necessary in the sewer system. Upon this discovery they refused to make any payments to appellants on their promissory note. As a result appellants filed and served a notice of default and election to sell under the second trust deed. Respondents countered with an action for damages and alleged, among other things, that they intentionally misled respondents and misrepresented the property.

The trial court issued a temporary restraining order followed by a preliminary injunction preventing any foreclosure sale of the property. After a trial without a jury the district court found that: "The Lubbes did make certain representations with relation to the septic system in that the same was adequate for the premises, which representation was false in that the septic tank was inadequate, and the Barbas relied upon said representation all to their damage in the sum of $9,400.00." The judgment, from which this appeal is taken, was entered accordingly.

Appellants contend (1) that there is insufficient evidence to support the finding of intentional fraudulent misrepresentation; (2) that the trial court erred in admitting evidence to prove what the parties meant by the "as is" condition in the original agreement, and by failing to affirmatively state in its finding of fact that (1) the false representations were knowingly made by the defendants; (2) fraud was produced by clear and convincing evidence; and, (3) reliance was shown on the part of the respondents.

Here the burden was upon the respondents as the plaintiffs in the action to support their contention of fraud by clear and convincing proof. Clark Sanitation, Inc. v. Sun Valley Disposal Co., 87 Nev. 338, 487 P.2d 337 (1971), and cases cited therein. In *Clark Sanitation,* supra, we said: "Although

this is primarily a trial court standard, its view of the matter is not necessarily conclusive since, upon review, we must consider the sufficiency of the evidence in the light of that standard, [citation omitted], and where there exists no more than a paucity of evidence to support the charge of fraud, we will not hesitate to reverse. [Citation omitted.]" 87 Nev. at 341.

A false representation made by the defendant, knowledge or belief on the part of the defendant that the representation is false—or, that he has not a sufficient basis of information to make it, an intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation, justifiable reliance upon the representation on the part of the plaintiff in taking action or refraining from it, and damage to the plaintiff, resulting from such reliance, are the elements of intentional misrepresentation. Prosser, Law of Torts, 685 (4th ed. 1971).

Although appellants made a representation which later proved to be technically in error, it is not established in the record by clear and convincing evidence that appellants knew that the system did not meet the requirements of the uniform plumbing code adopted by Washoe County, or their representation that the septic system was "in perfect condition," was erroneous, or they had an insufficient basis of information.

Instead the record indicates that appellants, upon purchasing the property, engaged a sewer cleaning and inspection service and were informed by that service that the system was so situated and constructed that it would never require servicing. There is also testimony in the record that appellants never had any trouble with the system during the four years they had owned the property. There is no evidence that the system backed up or otherwise malfunctioned, nor was it "inadequate" in capacity or performance.

It was only after the respondents closed escrow and sought an operating license that an inspector from the Washoe County district health department poured dye into the system and discovered effluent flowing from the septic tank into an open pit. The inspector testified that at sometime prior to the date on which the offer and acceptance agreement was executed he had stopped and visited the appellants and Mrs. Lubbe had advised him that ". . . [I]t was down the hill and it was there for my inspection. I said that I would be back at a later date and dye it, which unfortunately I didn't do at that time." Although appellants may have been ignorant of the code requirements, it is obvious there was no attempt on their part to conceal

600

from the inspector any fact about the system. Not until the inspection on respondents' behalf was the system deemed to have failed to meet uniform plumbing code requirements.

Justifiable reliance must be established by clear and convincing evidence in order to establish a claim for relief. Clark Sanitation, Inc. v. Sun Valley Disposal Co., supra. "The causal connection between the wrongful conduct and the resulting damage, essential throughout the law of torts, takes in cases of misrepresentation the form of inducement of the plaintiff to act, or to refrain from acting, to his detriment. The false representation must have played a material and substantial part in leading the plaintiff to adopt his particular course; and when he was unaware of it at the time that he acted, or it is clear that he was not in any way influenced by it, and would have done the same thing without it for other reasons, his loss is not attributed to the defendant." Prosser, supra, at 714.

Where a trial court, sitting without a jury, has made a determination upon the basis of conflicting evidence, that determination should not be disturbed on appeal if it is supported by substantial evidence. Fletcher v. Fletcher, 89 Nev. 540, 542, 516 P.2d 103 (1973). However, the trial court in reaching its determination must apply the correct legal standard. Here it is apparent that some of the elements necessary to establish a cause of action for intentional misrepresentation are absent, and that the trial court did not require respondents to prove the alleged fraud by clear and convincing evidence.

The other assignments of error need not be considered. The matter is reversed with instructions to the district court to enter judgment accordingly.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.