NORMA RIES, AKA NORMA PRESTA, APPELLANT, v.
OLYMPIAN, INC. AND X. NEIL ROSS, RESPONDENTS.

No. 17386

December 31, 1987                              747 P.2d 910

[Rehearing denied March 30, 1988]

*Gang & Berkley,* Las Vegas for Appellant.

*George Graziadei* and *Scott Cantor,* Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

This is a fraud action, in which appellant Ries presented evidence that X. Neil Ross had fraudulently induced a district

judge to deny a motion in an earlier case. The district court in the instant case, reasoning that the first district judge had no jurisdiction to grant Ries's motion, ordered the matter dismissed pursuant to NRCP 41(b). Ries has appealed.

Ries's former husband, Richard Presta, contracted with Olympian, Inc. to operate a tackle shop in its sporting goods store. Olympian agreed to provide money to purchase inventory. Presta agreed to convey a parcel of land as collateral for the advances. Ries and Presta executed a deed to a lot they had purchased for $10,000.00 in 1971. The business arrangement ended in litigation. Ries and Presta sued for cancellation of the agreement and reconveyance of their land; Olympian counterclaimed for damages.

On February 20, 1976, the first district judge rendered judgment for Olympian in the amount of $4,707.45. The judgment also provided that Ries and Presta could redeem the property if they paid the judgment by April 8, 1976.

By April, Ries and Presta were in divorce litigation. Richard Presta failed to raise the money to pay the judgment; however, Ries made arrangements to borrow from her mother who had originally loaned her the down payment on the land. Ries asked her attorney to secure an extension of time.

On Friday, April 9, 1976, X. Neil Ross, the president of Olympian, conveyed the lot to Rodger Buffman. (In the instant action, Buffman testified that he had gratuitously agreed to hold the land in his name until Ross requested reconveyance.) On Monday, April 12, 1976, Ries filed a motion for an extension in the form of a motion for an order to show cause. The matter was heard two days later. Ross then falsely told the court the property had been sold and presented a bill of sale. Thus, the first district judge denied Ries's motion as moot. Subsequently, Ries discovered that Buffman had reconveyed the property to Olympian, and that Olypian had sold the property for $50,000.00.

Ries brought this action, in which the first district judge testified he had been disposed to grant the motion because he knew the property was worth much more than the amount of the judgment. Despite this, the district court, in the instant action, concluded Ross's misrepresentation of April 14th was immaterial, and granted dismissal. This appeal followed.

NRCP 41(b) provides an action may be dismissed at the close of the plaintiff's case "on the ground that upon the facts and law the plaintiff has failed to provide a sufficient case for the court or jury." A defense motion for involuntary dismissal admits the truth of the plaintiff's evidence and all inferences that reasonably may be drawn therefrom. Alford v. Harolds Club, 99 Nev. 670, 674, 669 P.2d 721, 724 (1983).

The elements of intentional misrepresentation are a false representation made with knowledge or belief that it is false or without a sufficient basis of information, intent to induce reliance, justifiable reliance, and damage resulting from the reliance. Lubbe v. Barba, 91 Nev. 596, 599, 540 P.2d 115, 117 (1975).

Involuntary dismissal was improper since Ries has introduced evidence of all the elements of fraud. In the first case, it appears Ross intentionally misrepresented to the court that the property had been sold. The misrepresentation was made with the intent to induce the judge to deny Ries's motion, so that Ross could keep her land. The judge relied on the misrepresentation and thus denied the motion. We cannot agree that Ross's misrepresentations were immaterial. Ries's motion for an extension of time was an application for a stay. The district court had discretionary power to issue the stay on "such conditions for the security of the adverse party as are proper." NRCP 62(a). The first district judge indicated he would have exercised his discretion to grant the extension. We think he clearly could have issued a discretionary stay where, as here, the prevailing party retained title and possession of collateral far exceeding the amount of the judgment. In these circumstances, we find in NRCP 62(a) no limitation precluding the first district judge from granting a stay on April 14, 1976.

Having concluded the district court erred in dismissing this action, we hereby reverse the judgment of the district court and remand the cause for further proceedings.