994 P.2d 1151 (2000)
Richard CHEN, Appellant,
v.
NEVADA STATE GAMING CONTROL BOARD and Monte Carlo Resort & Casino, Respondents.
No. 31959.
Supreme Court of Nevada.
March 9, 2000.
Lyles & Hawley, Las Vegas, for Appellant.
Steven A. Boelhouwer, Carson City, for Respondent Gaming Control Board.
Kevin J. Blair, General Counsel, Las Vegas, for Respondent Monte Carlo Resort & Casino.
BEFORE THE COURT EN BANC.

OPINION
SHEARING, J.
Appellant Richard Chen argues that the Nevada Gaming Control Board erred by allowing *1152 the Monte Carlo Resort & Casino to retain his blackjack winnings of $40,400. Chen contends that the Monte Carlo is unable to show either that it detrimentally relied on Chen's false passport or that Chen's misrepresentation was the proximate cause of the Monte Carlo's damages. We agree.
The facts in this case are not in dispute. Chen, a card counter,[1] entered the Monte Carlo and exchanged $29,000 in cash for casino chips. Monte Carlo personnel asked Chen for identification, and Chen gave them a fictitious Burma passport. Chen played blackjack for several hours, quit, and then returned during the graveyard shift to resume play. At that time, he exchanged another $15,000 in cash for playing chips.
As Chen's winnings mounted, a Monte Carlo pit supervisor recognized Chen as a card counter. The Monte Carlo terminated Chen's playing and instructed him to cash in his chips. Chen's chips totaled $84,400. Again, Monte Carlo staff requested Chen's identification, and this time they noticed it was false.
An agent of the Nevada Gaming Control Board arrived at the Monte Carlo and spoke with Chen. Chen admitted that the Burma passport was false and revealed his true identity. The agent then instructed the Monte Carlo to provide Chen with a receipt in the amount of $84,400 pending a criminal investigation. Two investigations uncovered no crime, and the agent told the Monte Carlo it could release the full $84,400 to Chen. However, the Monte Carlo only returned $44,000 to Chen, the amount he had exchanged for chips.
Unsatisfied with the investigator's recommendation, the Monte Carlo filed a petition for reconsideration with the Gaming Control Board. The Monte Carlo's petition was successful, and the Gaming Control Board denied Chen his $40,400 in winnings. The district court denied Chen's petition for judicial review. We reverse.

DISCUSSION
While this court shows deference to Gaming Control Board decisions on appeal, we will reverse where the Board's decision is arbitrary, capricious, or contrary to law. See Redmer v. Barbary Coast Hotel & Casino, 110 Nev. 374, 378, 872 P.2d 341, 344 (1994). In this case, the Board's decision hinges on whether Chen committed a fraud on the Monte Carlo. To establish fraud, the Monte Carlo must show that Chen provided a false representation of a material fact, which he knew to be false; that Chen intended the Monte Carlo to rely on the misrepresentation; that the Monte Carlo detrimentally relied on the misrepresentation; and that the misrepresentation proximately caused damages. See Lubbe v. Barba, 91 Nev. 596, 599, 540 P.2d 115, 117 (1975). We address the issues of detrimental reliance and proximate cause of damages.
The Monte Carlo did not show either that it detrimentally relied on Chen's misrepresentation or that Chen's misrepresentation was the proximate cause for the casino's damages for two reasons. First, the Monte Carlo requires a patron seeking more than $10,000 in playing chips to present identification only for regulatory compliance rather than to determine whether the patron is a card counter.[2] The Monte Carlo has no policy instructing casino employees to cross-check the patron's identification with any sources that might identify card counters. Thus, there is no evidence that the Monte Carlo detrimentally relied on Chen's false passport when it allowed him to play blackjack. Second, Chen's skill in playing blackjack, rather than his misrepresentation of identity, was the proximate cause of his winnings. The false identification allowed Chen to receive $44,000 in chips, but it did not cause Chen to win. Thus, we hold that the Gaming Control Board's determination that Chen committed fraud is contrary to law because the Monte Carlo did not establish all of the elements of fraud.
*1153 We reverse the order of the district court denying Chen's petition for judicial review and remand this matter to the district court. On remand, the district court shall grant Chen's petition and direct the Gaming Control Board to award Chen his $40,400 in blackjack winnings.[3]
AGOSTI and LEAVITT, JJ., concur.
MAUPIN, J., dissenting:
In my view, the decision of the Nevada Gaming Control Board was not arbitrary, capricious or contrary to law.
This case presents a conflict between two inconsistent public policies that have developed over the years with regard to the gaming industry. On one hand, gaming establishments have the unquestioned right to protect themselves against so-called "card counters" who have developed expertise in the game of "blackjack" ("twenty-one"). On the other hand, neither card counting nor the use of a legal subterfuge such as a disguise to gain access to this table game is illegal under Nevada law. I conclude, however, that the misrepresentation here, the use of a fraudulent passport for identification, was not a legal subterfuge and enabled appellant access to high stakes play for the purpose of frustrating legitimate attempts by the respondent to prevent this from occurring.
Certainly, appellant would have needed no identification to play if he had not sought chips valued in excess of $10,000.00. However, playing without showing fraudulent identification involves no fraud or other illegal activity. While respondent did not generally rely on identification via passport or otherwise to allow participation in table games, Chen's access to large denominations of gaming tokens could not have occurred in absence of the fraud. Therefore, the misrepresentation was specific and material to the caliber of play in which appellant sought to become engaged. Therefore, I would affirm the decision below.
NOTES
[1] Card counting is a mathematical process which enables the player to achieve better odds when playing blackjack.
[2] Nevada Gaming Regulation 6A requires that gaming patrons present identification and complete a currency transaction report, which is submitted to the Board within fifteen days when more than $10,000 worth of chips is purchased.
[3] The Honorable Robert E. Rose, Chief Justice, and the Honorable Cliff Young, and the Honorable Nancy Becker, Justices, voluntarily recused themselves from the decision of this matter.