# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| NEVADA CONTRACTORS INSURANCE COMPANY, INC., Appellant, vs. RISK SERVICES-NEVADA, INC.; AND MIKE ROGERS, Respondents. | No. 61279 |
| NEVADA CONTRACTORS INSURANCE COMPANY, INC., A NEVADA CORPORATION, Appellant, vs. RISK SERVICES-NEVADA, INC.; AND MIKE ROGERS, Respondents. | No. 62049 |
| NEVADA CONTRACTORS INSURANCE COMPANY, INC., Appellant, vs. RISK SERVICES-NEVADA, INC.; AND MIKE ROGERS, Respondents. | No. 62340 |
| NEVADA CONTRACTORS INSURANCE COMPANY, INC., A NEVADA CORPORATION, Appellant, vs. RISK SERVICES-NEVADA, INC.; AND MIKE ROGERS, Respondents. | No. 64532 |

FILED

JUN 1 0 2016

GRACIE K. LINDEMAN
CLERK OF SUPREME COURT
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated appeals from a district court judgment enforcing a settlement agreement in a tort action and a subsequent post-

16-18243

judgment order awarding attorney fees (Docket Nos. 61279 and 62049), and from a final order granting summary judgment based on claim and issue preclusion in a breach of contract action and a second post-judgment order awarding attorney fees (Docket Nos. 62340 and 64532). Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

After respondent Risk Services-Nevada (RSN) and a third party each separately sued appellant Nevada Contractors Insurance Company (NCI) for breach of a settlement agreement, NCI sought to rescind the agreement against both the third party and RSN, alleging fraudulent inducement (2011 case). The enforceability issue was transferred to the department that heard the original case (2008 case) for an evidentiary hearing on the limited issue of the settlement agreement's enforceability. The district court concluded in the 2008 case that the agreement was valid and enforceable. Thereafter, the district court granted summary judgment in the 2011 case in favor of RSN and against NCI's fraudulent inducement defense on claim and issue preclusion grounds. NCI appealed, challenging the district court's enforceability and preclusion rulings, as well as attorney fee awards in both cases.

*The district court did not erroneously conclude that the settlement agreement was enforceable*

NCI contends that the district court used an improper standard in conducting the evidentiary hearing on the enforceability of the settlement agreement in the 2008 case by subjecting the evidence to a more rigorous standard than the prima-facie-evidence standard stated in a pre-trial stipulation. Further, NCI argues that, by doing so, the court denied it the right to a jury trial.

The district court's power to enforce a settlement agreement is equitable in nature, including when fraudulent inducement is asserted in defense, and the district court has discretion to address an action's equitable issues before allowing a jury to resolve the action's legal issues. *Awada v. Shuffle Master, Inc.*, 123 Nev. 613, 621-22, 173 P.3d 707, 712-13 (2007); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Thus, we conclude that the district court did not erroneously deprive NCI of any jury-trial right.

Moreover, the parties' stipulation does not bind the district court on legal questions. *Ahlswede v. Schoneveld*, 87 Nev. 449, 452, 488 P.2d 908, 910 (1971). The matter presented to the district court was whether the settlement agreement was enforceable in light of NCI's fraudulent-inducement defense. As the district court properly applied the clear-and-convincing standard required by Nevada law, *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 120 Nev. 277, 290-91, 89 P.3d 1009, 1018 (2004), we conclude that it did not err, *Matter of Halverson*, 123 Nev. 493, 509, 169 P.3d 1161, 1172 (2007) ("The correct standard of proof to be used by a tribunal is a legal question, thus subject to our de novo review.").

Next, NCI argues that the district court's ruling on enforceability was not supported by substantial evidence, alleging that it demonstrated several instances of fraudulent inducement. "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Whitemaine v. Aniskovich*, 124 Nev. 302, 308, 183 P.3d 137, 141 (2008). That Salvatore Gugino described the condition of the claims files after the parties had agreed to the material terms of the settlement agreement supports the district court's conclusion that NCI did

not rely on that representation in entering the agreement. *See J.A. Jones Const. Co.*, 120 Nev. at 290-91, 89 P.3d at 1018 (setting forth fraudulent-inducement elements); *Pac. Maxon, Inc. v. Wilson*, 96 Nev. 867, 870-71, 619 P.2d 816, 818 (1980) (holding that actual, rather than justifiable reliance, is required for rescission pursuant to fraudulent inducement). The context of demanding a buy-out as a counteroffer during negotiations supports the district court's conclusion that Gugino's demand was his opinion of the value of his position. *See Johansson v. Stephanson*, 154 U.S. 625, 625 (1877); *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105, 111, 825 P.2d 588, 592 (1992); *Clark Sanitation, Inc. v. Sun Valley Disposal Co.*, 87 Nev. 338, 341-42, 487 P.2d 337, 339 (1971). Evidence that the representations regarding the self-insured retentions and policy exclusions occurred years before the negotiations supports the district court's conclusion that NCI did not rely on those representations in connection with the negotiations. The testimony that NCI's directors believed that legal malpractice was not released by the settlement supports the finding that NCI did not rely on the alleged statements on this topic. Accordingly, we conclude that substantial evidence supports the district court's enforceability ruling, and the July 6, 2012, order is affirmed in Case No. A-08-558139-B.

*The district court properly granted summary judgment*

NCI argues that the district court erred in granting summary judgment on its claims in the 2011 case based on claim and issue preclusion because it could not have litigated its fraud claims against Gugino in its 2008 complaint. Having reviewed the record de novo, *see Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we

conclude that claim preclusion applied because the parties in the 2011 case were the same to or in privity with those in the 2008 case, as the cases were coordinated and NCI and RSN both participated in the evidentiary hearing; the final judgment in the 2008 case was valid; and NCI pursued the same claim in the 2011 case as in the evidentiary hearing in the 2008 case. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 713 (2008) (setting forth claim preclusion standards), *holding modified by Weddell v. Sharp*, 131 Nev., Adv. Op. 28, 350 P.3d 80 (2015) (modifying the privity element). Further, we conclude that issue preclusion applied because the same fraudulent-inducement issues were raised in the 2011 case as in the 2008 case, the district court's decision on the enforceability of the settlement agreement was on the merits and became final, the parties were again the same or in privity, and the fraudulent-inducement issue was actually and necessarily litigated. *See id.* at 1055, 194 P.3d at 713. Accordingly, we conclude that no genuine issues of material fact remained, *see Wood*, 121 Nev. at 729, 121 P.3d at 1029, and that the district court properly granted summary judgment on claim and issue preclusion grounds. The December 7, 2012, order in Case No. A-11-637935-B is affirmed.

*Attorney fees were properly awarded*

NCI argues that the district court's award of attorney fees and costs in the 2008 case was improper because the court did not limit RSN's fees and costs to those directly related to enforcing the settlement agreement. We review the district court's decision to award attorney fees or costs for an abuse of discretion. *Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev., Adv. Op. 10, 343 P.3d 608, 614 (2015).

The district court noted the circumstances and unusual evidentiary hearing and awarded attorney fees and costs based on the settlement agreement's provision entitling a party to receive reasonable fees and costs for successfully enforcing any term of the agreement. NCI has failed to show that the district court relied on a clearly erroneous factual determination or disregarded controlling law. *See id.* NCI's argument regarding paralegal fees also lacks merit. *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989); *Las Vegas Metro. Police Dep't v. Yeghiazarian*, 129 Nev., Adv. Op. 81, 312 P.3d 503, 510 (2013). Thus, we conclude that the district court did not abuse its discretion in awarding attorney fees and costs in the 2008 case and affirm the district court's October 8, 2012, order in Case No. A-08-558139-B.

NCI also argues that the district court abused its discretion in awarding attorney fees and costs in the 2011 case because RSN's motion was untimely. A motion for attorney fees must be filed no later than twenty days after notice of entry of judgment is served. NRCP 54(d)(2)(B). Where service is made by electronic means, the prescribed period is extended by three days. NRCP 6(e). RSN's counsel electronically served the notice of entry of judgment in the 2011 case on December 10, 2012. The twenty-day window extended to Monday, December 31, 2012, and the additional three days extended to January 3, 2013. *See* NRCP 6(a), (e). RSN filed its motion for attorney fees and costs on January 2, 2013, and thus timely filed its motion. Accordingly, we conclude that the district court did not abuse its discretion in awarding attorney fees and costs in

the 2011 case and affirm the district court's November 14, 2013, order in Case No. A-11-637935-B.[1]

 Accordingly, we

 ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

---

[1]We note that *Estate of Herrmann*, 100 Nev. 1, 677 P.2d 594 (1984), is distinguishable for its application of NRAP 4(a), which is not at issue in the instant case.

[2]We have considered all other arguments, including those concerning whether the legal-malpractice claims were improperly waived and whether all matters other than attorney fees and costs are moot, and conclude that they lack merit. The district court expressly declined to rule on the legal-malpractice-claims release, and this court can provide effective relief on matters beyond merely attorney fees and costs, *see DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1174 (9th Cir. 2005) (Beezer, J., concurring).

Additionally, we decline to rule on RSN's request for appellate attorney fees and costs, which presents a matter of fact that should be presented to and ruled upon by the district court in the first instance. *See Musso v. Binick*, 104 Nev. 613, 615, 764 P.2d 477, 478 (1988).

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
        Ara H. Shirinian, Settlement Judge
        Marquis Aurbach Coffing
        Holland & Hart LLP/Las Vegas
        Thorndal Armstrong Delk Balkenbush & Eisinger/Las Vegas
        Eighth District Court Clerk