# IN THE SUPREME COURT OF THE STATE OF NEVADA

VANDALAY ENTERPRISES, INC., A NEVADA CORPORATION; AND STAN JOHNSON, AN INDIVIDUAL,
Appellants,
vs.
S. BRENT HERRIN, AN INDIVIDUAL,
Respondent.

No. 68548

FILED

FEB 17 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from district court orders, certified as final under NRCP 54(b), granting a motion to dismiss in a contract action and awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellants Vandalay Enterprises, Inc., and Stan Johnson filed a complaint alleging that Phillip Rennert, a defendant in the underlying district court action, borrowed money from Johnson that was to be secured by an assignment of proceeds from a referral and fee agreement to which respondent S. Brent Herrin was a party, and that Rennert did not repay the loan and Herrin failed to pay the proceeds of the fee agreement to Johnson. Against Herrin, the complaint alleged claims for unjust enrichment, misrepresentation, breach of contract, breach of the covenant of good faith and fair dealing, declaratory relief, and promissory estoppel. After two motions to dismiss were filed, the district court dismissed all of the claims against Herrin and awarded attorney fees and costs jointly and severally against both appellants. This appeal followed.

Having reviewed the parties' briefs and appendices, we affirm in part and reverse in part the district court's order dismissing the claims

17-05743

against Herrin. The district court properly dismissed all of Vandalay's claims asserted against Herrin, as Vandalay conceded that it did not have any valid claims as to Herrin. We therefore affirm the portion of the district court's order dismissing Vandalay's claims. We further conclude that the district court properly dismissed Johnson's unjust enrichment and misrepresentation claims for failure to state viable claims, and we affirm those portions of its order. NRCP 12(b)(5). In particular, the unjust enrichment claim was not properly pleaded as to Herrin, as it did not allege that Herrin was unjustly enriched or any actions taken on Herrin's part, and the misrepresentation claim was not alleged with the required specificity because the complaint does not assert that Herrin knew he did not intend to repay the loan made to Johnson with the proceeds of the fee agreement at the time Herrin represented he would do so. NRCP 9(b) (requiring that "circumstances constituting fraud or mistake shall be stated with particularity"); *Certified Fire Prot., Inc. v. Precision Constr.*, 128 Nev. 371, 381, 283 P.3d 250, 257 (2012) ("Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." (internal quotation marks omitted)); *Ries v. Olympian, Inc.*, 103 Nev. 709, 711, 747 P.2d 910, 911 (1987) (providing that "[t]he elements of intentional misrepresentation are a false representation made with knowledge or belief that it is false or without a sufficient basis of information, intent to induce reliance, justifiable reliance, and damage resulting from the reliance").

We conclude, however, that the district court erred in dismissing Johnson's breach-of-contract, breach-of-the-covenant-of-good-faith-and-fair-dealing, promissory estoppel, declaratory relief, and civil conspiracy claims, as Herrin has not shown beyond a doubt that Johnson can prove no set of facts, which, if true, would entitle him to relief on these claims. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). As explained below, the district court's order is therefore reversed as to these claims.

The district court erred in dismissing Johnson's breach-of-contract and covenant-of-good-faith-and-fair-dealing claims because we have held that, "'[i]n the absence of statute or a contract provision to the contrary, there are no prescribed formalities that must be observed to make an effective assignment.'" *Easton Bus. Opportunities, Inc. v. Town Exec. Suites-E. Marketplace, LLC*, 126 Nev. 119, 127, 230 P.3d 827, 832 (2010) (quoting 9, John E. Murray, Jr., *Corbin on Contracts* § 47.7, at 147 (rev. ed. 2007)). Johnson merely must show a present intent by the assignor, Herrin, to transfer his contractual rights to the assignee, Johnson, and failure to give the obligor notice does not invalidate the assignment. *Id.* Thus, the district court's dismissal of these claims on the basis that the assignment was ineffective because it was not signed by the obligor was in error.

The district court further erred in dismissing Johnson's promissory estoppel claim, as Johnson alleged that Herrin knew that Johnson made the loan to Rennert in reliance on Herrin's promises that he would pay Johnson the proceeds of a fee agreement. Thus, the elements of promissory estoppel were properly pleaded. *See Torres v. Nev. Direct Ins. Co.*, 131 Nev., Adv. Op. 54, 353 P.3d 1203, 1209 (2015) (holding that

elements of promissory estoppel are "(1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; [and] (4) he must have relied to his detriment on the conduct of the party to be estopped" (quotation marks omitted)).

As to Johnson's declaratory relief claim, "[d]eclaratory relief is available only if: (1) a justiciable controversy exists between persons with adverse interests, (2) the party seeking declaratory relief has a legally protectable interest in the controversy, and (3) the issue is ripe for judicial determination." *Cnty. of Clark ex rel. Univ. Med. Ctr. v. Upchurch*, 114 Nev. 749, 752, 961 P.2d 754, 756 (1998). Johnson sought a declaration that the terms of the assignment agreement were enforceable against Herrin and that Herrin is liable for damages based on Herrin's refusal to abide by the terms of the agreement. The district court therefore erred in dismissing this claim as a justiciable controversy exists between Johnson and Herrin regarding the enforceability of the agreement, Johnson has a legally protectable interest in the controversy as one of the parties to the agreement, and the issue is ripe for judicial determination as the complaint alleges Herrin failed to perform under the agreement. *Id.*

Lastly, as to Johnson's civil conspiracy claim, Herrin argued that claim failed because Johnson had not alleged an underlying tort claim. However, in Nevada, "civil conspiracy liability may attach where two or more persons undertake some concerted action with the intent to commit an unlawful objective, not necessarily a tort." *Cadle Co. v. Woods & Erickson, LLP*, 131 Nev., Adv. Op. 15, 345 P.3d 1049, 1052 (2015). As

Johnson's claim alleged that Herrin and Rennert acted in concert to improperly induce Johnson to loan money to Rennert based on the promise that Herrin would repay the money from the proceeds received under the fee agreement, and then improperly withheld payment of those monies, harming Johnson, Johnson sufficiently met the pleading standard for a civil conspiracy claim and the district court erred in dismissing this claim. *Buzz Stew*, 124 Nev. at 228, 181 P.3d at 672; *see* NRCP 8(a) (requiring that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

In light of the partial reversal of the district court's order, we further reverse the district court's order awarding attorney fees and costs and remand this matter to the district court for determination of the appropriate fees and costs based on only the dismissal of Vandalay's claims against Herrin. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Hardesty

_____, J.                    _____, J.
Parraguirre                              Stiglich

cc:   Hon. Michelle Leavitt, District Judge
      Phillip Aurbach, Settlement Judge
      Cohen Johnson Parker Edwards
      Lovato Law Firm, P.C.
      Eighth District Court Clerk

