**VILLA CORP. v. S. D. WALKER, Inc. et al.**

No. 10089.

United States Court of Appeals, Third Circuit.

Argued Oct. 12, 1950.

Decided March 15, 1951.

494

Clyde P. Bailey, Pittsburgh, Pa., for appellant.

Elias G. Naame, Atlantic City, N. J., for Walker.

Samuel Freedman, Atlantic City, N. J., for Laurence Harbor Heights Co.

Before STEPHENS, MARIS and McLAUGHLIN, Circuit Judges.

ALBERT LEE STEPHENS, Circuit Judge.

This action was brought in the United States District Court for the District of New Jersey by the Villa Corporation, a Pennsylvania resident, against S. D. Walker, Inc., and Laurence Harbor Heights Company, both New Jersey corporations, jurisdiction being founded upon diversity of citizenship. The Villa Corporation, appellant here, sought a decree of specific performance of a contract for the conveyance of New Jersey land, together with consequential damages. At the conclusion of the appellant's case the trial court granted appellees' motion to dismiss, and entered final judgment dismissing the action with prejudice as to the relief sought by way of specific performance and without prejudice as to the relief sought by way of damages.

The basis of the action is a written contract, dated February 17, 1948, allegedly between appellant as purchaser, and S. D. Walker, Inc. as seller, signed on behalf of the Villa Corporation by Latoof Naffah, president, and on behalf of S. D. Walker, Inc., by Oscar A. Schierstead, assistant secretary. The agreement provides, inter alia, that for the consideration of $8,000, the seller will " * * * convey, or cause to be conveyed to the buyer, * * *" certain land on or before May 3, 1948.

The agreement is subject to the condition " * * * that in a prior deed conveying the within described property to the City of Brigantine, or in the deed from the City of Brigantine to S. D. Walker, Inc., conveying the within described property, there shall be a provision to the effect that the land between thirty-fourth street south and thirty-fifth street south, ocean-ward of the three hundred (300) foot line from Ocean Avenue, is to be retained by the City of Brigantine for public and park purposes; and that there shall be no buildings erected thereon."

Three hundred dollars is to be paid at the time of the signing of the agreement, one thousand dollars on or before April 27, 1948, two-thousand seven hundred dollars on or before May 27, 1948, on which date title is to be transferred. The purchaser is to execute and deliver a purchase money mortgage and bond for the balance. Should the purchaser make default in any of the payments provided for when due, the seller is given the right to cancel and rescind the contract, by a written communication to that effect, the seller retaining all money theretofore paid by the buyer.

Although the payments called for by the contract were not made on time, S. D. Walker, Inc., through its agents, did not attempt to exercise the right to rescind the agreement, which was expressly provided for. Instead, on May 22, 1948, John A. Rogge, Assistant Secretary of S. D. Walker, Inc., in a letter to the appellant, acknowledged receipt of $2,400 to date on account of the contract, and agreed to extend the date for settlement of the additional $1,600 remaining on the down payment until July 1, 1948, in consideration of an additional $600.

On June 5, 1948, S. D. Walker, Inc., informed appellant that it did not intend to carry out the agreement for the reason that the land was not available for sale, and returned the $2,400 to appellant. Appellant informed S. D. Walker, Inc. that the money returned would not be accepted, and that on July 1, 1948, appellant would stand ready to comply with the agreement in full. On July 1, 1948, appellant de-

posited with Chelsea Title and Guaranty Company, Atlantic City, New Jersey, the balance of the money due, and a mortgage duly executed. Although notice was given, no agents of S. D. Walker, Inc. appeared, and the land was not then and has not since been conveyed to appellant.

The City of Brigantine, New Jersey, was not a party to the contract or to the suit.

The land involved had been conveyed by the Brigantine Beach Company to defendant Laurence Harbor Heights Company in 1947, which latter corporation held legal title during the period under consideration. It was appellant's contention that the two defendant corporations were actually one organization, since both were controlled by S. D. Walker. This being so, it was contended that the contract between appellant and S. D. Walker, Inc. could be specifically performed by the delivery of a deed executed by the agents of the Laurence Harbor Heights Company. In the alternative, appellant contends that S. D. Walker, Inc. acted as agent for Laurence Harbor Heights Company in selling the land to appellant.

The trial court declined to grant specific performance for the reason that the contract contained a provision for dedication of adjoining land for park purposes by the City of Brigantine, which was not a party to the contract or to the suit, and therefore could not be ordered to comply. Appellant stated at the trial that he would not accept the land without fulfillment of this provision.

Appeal is taken from that part of the judgment wherein the appellant was denied specific performance of the agreement.

▇▇▇ We hold that the court below was correct in refusing to specifically enforce the contract. It is clear that where the performance of a contract is impossible, or, if possible, is impracticable, the court will not make a futile attempt to compel it. Fiedler, Inc., v. Coast Finance Co., 1941, 129 N.J.E. 161, 18 A.2d 268, 135 A.L.R. 273. Thus, specific relief will be refused where the performance of the contract requires action by a designated authority and there is no showing that such action can be obtained.[1] In Fiedler, Inc., v. Coast Finance Co., supra, complainant sought specific performance of a contract whereby it was made exclusive agent to develop and sell certain properties owned by defendant. It became the duty of the defendant, under the agreement, to prepare maps depicting a state of improvement of the premises so that the development would be eligible for mortgages guaranteed by the Federal Housing Administration. The court held that the decree dismissing the bill of complaint should be affirmed. The court stated: "But assuming for the sake of argument that the contract was one which could otherwise be specifically enforced, the question arises whether the respondent could obey the decree. The contract required the respondent to get the approval of the F. H. A. as to maps, street construction, parks, recreation area, grade, width of street, water supply, and what-not. A decree compelling a specific performance of this contract and embodying the covenants imposed by the contract upon the respondent, a compliance with which manifestly rests in the will or discretion of a third party uncontrolled by the respondent, would be a vain decree, one which in truth and in fact the respondent would find it impossible to obey. Decrees that would in the final result be nugatory should not be made. 4 Pomeroy's Eq.Jur., 4th Ed., 3334, § 1405. There was no jurisdiction over the federal agency in question, it has not been made a party; nor could this court control the discretion of that agency even if it were 'in court.' For these reasons the decree under review should be affirmed."

The provision in the contract here involved, calling for the City of Brigantine to dedicate certain ocean front land for park purposes, falls within the above-mentioned doctrine.

Affirmed.

1. See City of New York v. New York Cent. R. Co., 1937, 275 N.Y. 287, 9 N.E.2d 931.