CHARLESTON PLAZA, INC., a NEVADA CORPORATION, APPELLANT, v. BOARD OF EDUCATION, LAS VEGAS UNION SCHOOL DISTRICT, RESPONDENT.

No. 4630

December 2, 1963                                387 P.2d 99

*George E. Franklin, Jr.,* of Las Vegas, for Appellant.

*Edward G. Marshall,* District Attorney, Clark County, and *John A. Porter,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Charleston Plaza, Inc., a corporation, successor to the title theretofore held by William Peccole, L. L. Ousley, Lillian V. Ousley, Charles L. Martin, Ollie Mae Martin, Don D. Atkins, and Mae Atkins, commenced this action below, seeking a decree that it was the owner of the parcel of land involved in this litigation and that the defendant Board of Education, Las Vegas Union School District, be adjudged to have no estate or interest whatsoever in or to said parcel, and that defendant be forever barred from asserting any claim thereto adverse to the plaintiff. Defendant answered, stating that its correct name is Clark County School District, and that the successors to the plaintiff had on April 1, 1953, dedicated said premises to the successors of the defendant pursuant to a recorded map. Several other special defenses

and counterclaims were pleaded, and defendant prayed for a decree that defendant owned said parcel of land. The court filed a written decision holding for the defendant Board of Education on two grounds: (1) that the parcel of land had been dedicated to the public as a school site, and (2) that defendant acquired title by prescription.

As we agree that there was sufficient evidence before the trial court to support its finding that there had been a dedication of the land to the public and that the judgment accordingly must be affirmed, it will not be necessary to discuss the question of prescriptive title.

Following the court's written decision, it filed formal findings, conclusions, and judgment in which it found that the group comprising Peccole and others hereinabove named, and who were generally referred to as the owners, in 1952 submitted to the planning commission of Clark County a preliminary map showing a nominal acreage of 40 acres of land, "but in the instant case, the acreage was approximately 36.1 acres," wherein the parcel in question was shown as devoted to school purposes; that such owners in April, 1953, dedicated the land described to the successors of the defendant Board of Education, Las Vegas Union School District, pursuant to a recorded Final Subdivision map, recorded in the office of the county recorder of Clark County, and that Clark County School District is the successor by operation of the law to the Las Vegas Union School District. The court concluded that a valid and binding dedication resulted on April 1, 1953,[1] when the successors to the plaintiff, namely, William Peccole and others, recorded the map in the office of the county recorder.[2]

Appellant assigns error on the ground that the record does not disclose either a specific act of dedication or an intent to dedicate. We turn then to the facts. On the

[1]The record discloses that the map containing the dedication was actually recorded April 29, 1953.

[2]The court also recited and found the essential facts supporting a continued, open, notorious, hostile, and exclusive possession beyond the period of limitations and concluded that defendant had acquired title by adverse possession. As noted, this phase of the case does not require discussion.

Final Subdivision plat filed in the office of the county recorder a portion thereof, comprising approximately one and one-half acres in the extreme southwest corner, was designated thereon as "School Site." Such site abuts along its entire south boundary on the entire north boundary of a tract known as the Crestwood School, operating as a public school. This map bears the recorder's certificate of filing dated April 29, 1953; the engineer's certificate of the survey and the map as having been made at the instance of William Peccole et al., and that it is in all respects correct, sworn to November 26, 1952; the city engineer's certificate that all provisions of the planning commission act and applicable local ordinances have been complied with, and that the map is technically correct, dated April 1, 1953; the approval of the chairman of the Regional Planning Commission of Clark County, dated September 11, 1952; and the approval and acceptance on April 1, 1952, by the city clerk and mayor on behalf of the Board of Commissioners of the City of Las Vegas, Clark County. It also contains the "Owner's Certificate and Dedication," executed by the group of owners hereinabove named, pursuant to NRS 278.420, and acknowledged by them December 2, 1952. It is to be noted, and upon this particular reliance is placed by appellant, that by such certificate the owners "do hereby offer for dedication all the streets as indicated and outlined hereon for the use of the public. The public utility easements as indicated on the plat are hereby dedicated for the use of public utilities only." Such certificate contains no direct reference to the dedication of the "School Site."

Under the rule of expressio unius est exclusio alterius, appellant insists that the dedication of the streets and public utility areas is an exclusion of the dedication of the school site.

Section 116.040 NRS provides for the filing of such maps and matters connected therewith[3] and section

---

[3]Mr. Peccole, one of the owners, was a member of the Board of City Commissioners accepting the subdivision map as provided in NRS 116.040(4).

116.060 NRS provides as follows: "Such maps and plats when made, acknowledged, filed and recorded with the county recorder shall be a dedication of all such avenues, streets, lanes, alleys, commons or other public places or blocks and sufficient to vest the fee of such parcels of land as are therein expressed, named, or intended, for public uses for the inhabitants of the town or for the public for the uses therein named or intended." The title given to this section by the code revisor is "Dedication of Streets and Public Places by Recording Plat." This section corresponds with NCL 1345 and RL 958, and with the statute of 1905. The recording of the plat was followed by the sale of a number of lots, and by occupation of the land by the school district and by the construction of a 7-foot cyclone fence completely surrounding the parcel and having one gate, controlled by the defendant. The parcel was used as a playground for the school children during the noon recess and other recesses and was under teachers' supervision at these times.

The case of Allied American Inv. Co. v. Pettit, 65 Ariz. 283, 179 P.2d 437, is directly in point. In that case a park was shown on the plat, but the owner's certificate of dedication made no reference to said park. Lots were sold and the purchasers used the park. The issue declared by the Arizona court was: "Did the dedicator in the instant case by inscribing the word 'Park' on Block 5 comply with [the statute] wherein it says that the 'owner shall by proper dedication, dedicate the avenues, streets, parks' etc." The court held: "We are of the opinion that the entire plat as filed, showing some 17 blocks, 11 streets, numerous alleys, and hundreds of lots, with their specific locations, dimensions, and boundaries, together with the block labeled 'Park,' constitutes the entire dedication. The rule 'expressio unis est exclusio alterius' has no application. *The entire plat expressed everything; nothing was left unexpressed.* (Emphasis supplied.) The making and recordation of the plat coupled with the sales of lots therein constituted the dedication. * * * The use by the purchasers of lots and the general public constituted a sufficient acceptance. * * *

By the statutes in effect at the time the dedication was made, the fee in the dedicated property passed to the county in trust for the public and for the uses described." The Arizona court applied statutes not dissimilar from those of Nevada.

The issue in the case at hand can be stated thus. Did the dedicator by inscribing the words "School Site" on the plat evidence an intent to dedicate said portion in accord with NRS 278.420? The learned district judge held that the filing of the plat itself evidenced a dedication. With this we agree. 6 Powell on Real Property 351; Allied American Inv. Co. v. Pettit, supra; cf. McKernon v. City of Reno, 76 Nev. 452, 357 P.2d 597; Shearer v. City of Reno, 36 Nev. 443, 136 P. 705.

Appellants rely upon the absence of a finding by the court that there was an intent to dedicate. In this respect they rely upon the testimony of Peccole that when recording the plat containing the designation of "School Site," it was not his intention to make a dedication but merely to indicate that this land would be reserved for sale to the school district at some figure to be agreed upon. Appellant therefore claims an absence of *animus dedicandi*. Such testimony, however, at the best but raised a question of fact for determination by the trial court. Daugherty v. Sowers, 243 Minn. 572, 68 N.W.2d 866. The lower court's conclusion that by filing the plat, a valid and binding dedication had taken place implies a finding that there was an intent to dedicate. Chisholm v. Redfield, 75 Nev. 502, 347 P.2d 523. The record amply supports such finding. Under NRS 116.060 the dedication vested the fee in the defendant (now Clark County School District) for public use.

Affirmed with costs.

McNAMEE and THOMPSON, JJ., concur.