JOE KOWALCHUK, MATT BERNARD, RAY EDI-
SON, BOB CARVER, GLEN MENDENSHAUSEN
AND PETE STRUZIS, Appellants, *v.* DONALD T.
HALL AND ANDY ANDERSON, Respondents.

No. 4646

January 20, 1964                    388 P.2d 201

*Carl F. Martillaro*, of Carson City, for Appellants.

*Cameron M. Batjer*, of Carson City, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

In the lower court six plaintiffs (purchasers of sub-
division lots) joined in seeking a decree of specific per-
formance to compel the defendant Hall (the seller and

subdivider) to pave all roads within the subdivision. They claim that the defendant had promised to do so, and that they had relied upon his promise in deciding to purchase their respective lots from him. Hall, by answer, denied their charges, and subsequently moved for summary judgment. NRCP 56. His motion was granted and judgment entered in his favor. The plaintiffs appeal.

The record presented to the district court and now to us shows that on July 5, 1955, Hall and his wife duly acknowledged and recorded a subdivision plat for "Kingsbury Meadows Subdivision, Lake Tahoe, Douglas County, Nevada." The plat had been accepted without reservation by the board of county commissioners. The avenues, roads, streets, etc. depicted thereon were thereby dedicated in fee to Douglas County. NRS 116.060; Charleston Plaza, Inc. v. Bd. Educ., 79 Nev. 476, 387 P.2d 99 (school site). The promise "to pave all roads within the subdivision" claimed by the plaintiffs to have been made by Hall, was made (if at all) after Douglas County had become the owner of them. The legal question presented below and here is whether the remedy of specific performance is available to the plaintiffs in such circumstances. We agree with the lower court that it is not.

It is evident to us that the plaintiffs can obtain justice by a judgment for money damages, if the alleged contract to pave the roads is proved and there exists no lawful defense to an action for its breach. Cf. Barcroft Woods, Incorporated v. Francis, 201 Va. 405, 111 S.E. 2d 512. The cost to pave the roads is ascertainable, also other consequential damages, if any, flowing from the failure to pave. The legal remedy would be adequate. Furthermore, the prior plat dedication vesting title and control of the roads in Douglas County is a circumstance which renders specific performance impracticable. Villa Corp. v. S. D. Walker, Inc., 3 Cir., 187 F.2d 493; Fiedler, Inc. v. Coast Finance Co., 129 N.J.Eq. 161, 18 A.2d 268,

135 A.L.R. 273; 5 Corbin, Contracts § 1170, at 737.[1] Generally, such relief will be refused where the performance of the promise requires conduct by one over whom the promisor has no right of control. The principle applies here. In our view, the plaintiffs' choice of remedy is plainly wrong. Other points raised need not be discussed. The summary judgment entered below is affirmed.

BADT, C. J., and MCNAMEE, J., concur.

---

[1]The Corbin statement is: "If the performance promised is one that cannot take place without the co-operation of a third person, this will frequently bring the case within the rule against decreeing specific performance."