W. E. "BILL" RUSH, Appellant, *v.* MARGO G. RUSH, Respondent.

No. 4943

February 7, 1966                                410 P.2d 757

*Robert L. Gifford, Tad Porter,* and *William R. Devlin,* of Las Vegas, for Appellant.

*Calvin C. Magleby,* of Las Vegas, for Respondent.

# OPINION

By the Court, THOMPSON, J.:

By motion, a former wife sought to modify a divorce decree which approved a written agreement providing for the husband's future support.[1] As in Ballin v. Ballin, 78 Nev. 224, 371 P.2d 32 (1962), the agreement and the decree each expressly directed that the agreement survive divorce. Here, the court also reserved jurisdiction as to alimony. In Ballin, jurisdiction was not reserved. That difference is fastened upon to justify the modification proceeding below. The lower court assumed jurisdiction and granted relief to the former wife. This, we believe, was error.

In Ballin, supra, we sought to make it clear that, where the agreement and decree each direct survival, later controversy regarding support must rest upon the agreement, for the rights of the parties flow from the agreement rather than from the decree approving it. Thus, a motion to modify the decree (as distinguished from an action on the agreement) was there held to be precluded. The same rationale applies here. A purported reservation of jurisdiction as to alimony is ineffectual in these circumstances. Jurisdiction cannot be reserved to deal with a subject over which the divorce court has divested itself of jurisdiction by directing survival. Accordingly, the order modifying the decree is reversed. Cf. Day v. Day, 80 Nev. 386, 395 P.2d 321.

BADT, J., concurs.

[Counsel stipulated to submit this appeal to two Justices.]

---

[1]An interesting question, briefed and argued, was the validity of a provision in a settlement agreement requiring the wife to pay alimony to the husband. Our disposition of the appeal does not require discussion of that question.