MARGO G. RUSH, AKA MARGO GOUMAND, AKA MARGO GOUMAND HINES, AKA MARGO G. MASON, AKA MARGO G. TORRES, APPELLANT, v. W. E. "BILL" RUSH, RESPONDENT.

No. 5783

November 7, 1969                    460 P.2d 844

*Calvin C. Magleby,* of Las Vegas, for Appellant.

*Gifford, Porter & Devlin,* of Las Vegas, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal from a judgment in favor of respondent (plaintiff-husband) and against appellant (defendant-wife). We affirm that judgment.

The parties formerly were husband and wife. Marital difficulties ensued, and on March 27, 1963, they entered into an agreement which recited the existence of those difficulties and the fact of a pending divorce suit. In that agreement, they stated that it was the desire of the parties to settle disputed property rights. There were no children born of the marriage.

The agreement divided certain real and personal property between appellant and respondent and further provided that the wife should pay "alimony" to husband in the sum of $1,000 per month from April, 1963, to April, 1973. There were other qualifications which are not material to this discussion.

Appellant-wife obtained a divorce from respondent-husband the same day the agreement was entered into. The decree of divorce provided that the agreement should survive the decree. In an earlier appeal, this court held the lower court must determine the support provisions under the agreement rather than the decree. Rush v. Rush, 82 Nev. 59, 410 P.2d 757 (1966).

Appellant paid respondent the "alimony" payments through August, 1964, but then stopped. Respondent sued upon the agreement, seeking unpaid installments of "alimony." To this suit, appellant urged as affirmative defenses that (1) the agreement was unenforceable because contrary to Nevada public policy, and (2) there was no consideration for the agreement. At the trial of this action upon the agreement, the lower court, over appellant's objection, admitted records of the divorce proceeding and entered judgment in favor of respondent-husband in the sum of $37,000, together with interest. We affirm that judgment.

We need not consider, nor rule upon the question whether the lower court could have awarded alimony to a husband against a wife as part of the divorce decree, separate and distinct from the parties' agreement, absent a showing that the husband was infirm, disabled or incompetent. NRS 123.110. That question is not before us in this case.

1. Where, however, a wife agrees to pay a husband alimony by contract, which is then offered to a court for its approval and adoption in a divorce action, a totally different question arises.

NRS 123.080 provides as follows: "CONTRACT ALTERING LEGAL RELATIONS: SEPARATION AGREEMENT; CONSIDERATION; INTRODUCTION IN EVIDENCE IN DIVORCE ACTION.

"1. A husband and wife cannot by any contract with each

other alter their legal relations except as to property, and except that they may agree to an immediate separation and may make provisions *for the support of either of them* and of their children during such separation.

"2. The mutual consent of the parties is a sufficient consideration for such an agreement as is mentioned in subsection 1.

"3. In the event that a suit for divorce is pending or immediately contemplated by one of the spouses against the other, the validity of such agreement shall not be affected by a provision therein that the agreement is made for the purpose of removing the subject matter thereof from the field of litigation, and that in the event of a divorce being granted to either party, *the agreement shall become effective and not otherwise.*" (Emphasis added.)

Likewise, NRS 123.070 provides as follows: "Either husband or wife may enter into any contract, engagement or transaction with the other, or with any other person respecting property, which either might enter into if unmarried, subject in any contract, engagement or transaction between themselves, to the general rules which control the actions of persons occupying relations of confidence and trust toward each other."

It appears from statutory direction, and we hold, that where a husband and wife enter into a contract requiring payment of alimony from the latter to the former, so long as there is no advantage taken of the relationship of trust and confidence existing between them, no public policy of this state is violated. There is no indication in the record of an abuse of the confidential relations between appellant and respondent. On the contrary, from the record and the lower court's findings, it appears they reached a contractual resolution of their large and rather complex property rights at arms length while both were represented by counsel. We also feel the lower court was correct in ruling that the promises of the respective parties were supported by adequate consideration which resulted in a binding contract between them.

2. We conclude the lower court properly admitted the record of the divorce proceedings in the action on the surviving contract. Evidence extrinsic to a written contract is properly admitted to determine the circumstances under which the parties contracted and the purpose of the contract. Parsons v.

Bristol Dev. Co., 402 P.2d 839 (Cal. 1965). See Simpson v. Superior Court, 351 P.2d 179 (Ariz. 1960).

Judgment affirmed.

BATJER, MOWBRAY, and THOMPSON, JJ., and MANN, D. J., concur.