HYNDS PLUMBING & HEATING CO., Appellant, *v.* CLARK COUNTY SCHOOL DISTRICT, Respondent.

No. 9568

December 26, 1978                    587 P.2d 1331

*Robert Clive Jones,* of Las Vegas, for Appellant.

*Robert L. Petroni,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from an order of the district court dismissing with prejudice the complaint of Hynds Plumbing & Heating Co., to quiet title to a parcel of land. Hynds is the successor in interest to C. H. Elstner and Theo M. Elstner who, as owners, recorded a subdivision map or plat of Elstner Estates Subdivision in which the parcel in issue was designated as "school."

It appears from the complaint that the defendant Clark County School District has never taken possession of, improved, used or exercised dominion over said parcel; that the parcel is not suitable as a school site since it is located at the north end of runways for the North Las Vegas Airport; and that the School District never accepted the purported dedication. Moreover, it is asserted that Clark County has continued to assess said parcel as private property and that Hynds and its predecessors in interest have, since the filing of said plat, paid all taxes assessed against that land. Alternatively, it is alleged that, assuming a valid dedication, title to the parcel reverted to Hynds as successor to the dedicators, since it is not practicable to use the parcel for school purposes.

When tested by a NRCP 12(b)(5) motion to dismiss for failure to state a claim upon which relief can be granted the allegations of the complaint must be accepted as true. Hansen-Neiderhauser v. Nev. Tax Comm'n, 81 Nev. 307, 312, 402 P.2d 480 (1965). For reasons hereafter expressed we believe that a claim for relief is stated and, therefore, reverse the dismissal entered below.

The subdivision map or plat of the Elstner Estates Subdivision was recorded in 1953. At that time statute required a designated school site in every recorded subdivision plan covering

forty or more acres of land.[1] he district court ruled that upon recordation of the subdivision plat the School District became the owner in fee of the parcel in question. Impliedly, the court also held that the School District need not accept the dedication, nor utilize the property for the purposes intended in order to avoid a reversion thereof. Apparently, the district court was of the opinion that Charleston Plaza, Inc. v. Bd. Educ., 79 Nev. 476, 387 P.2d 99 (1963), NCL 1342(1) and 1345 were dispositive of all issues tendered by the complaint. We do not agree.

1. The issue in Charleston Plaza was whether the dedicator by inscribing the words "School Site" on the recorded plat evidenced an intention to dedicate. We held that such an inscription was evidence of an intention to dedicate. Similarly, in the case at hand the inscription of "school" on the recorded plat is evidence of an intention to dedicate. Acceptance of the dedication was found in Charleston Plaza because the recording of the plat was followed by the sale of a number of lots, occupation of the land by the school district, and use as a playground for school children. Here, the complaint alleges that the dedication was not accepted by the school district, nor was the parcel ever used for school purposes. As already noted, these allegations must be accepted as true when tested by a motion to dismiss for failure to state a claim upon which relief may be granted.

2. NCL 1345 was in effect when the plat of the Elstner subdivision was recorded.[2] A dedication under that statute is "sufficient to vest the fee" for "the uses therein named or intended." The fee so vested is a determinable fee simple which may be continued forever, but is likely to be determined by some future event, such as abandonment or vacation, in which case title shall revert. Peterson v. City of Reno, 84 Nev. 60, 436

[1]NCL 1342(1): ". . . , and every map or plat of ground so laid out shall, if it covers forty or more acres of land, show one block for every quarter-section of land in the parcel of ground so mapped or platted, and the block so designated upon the map shall be forever devoted and dedicated to the uses of the public school system of the district in which it is located; provided, that whenever any such dedicated lands shall become unsuitable, undesirable or impractical for any school uses or purposes, the school board of the particular district shall proceed to appraise such lands and offer the same for sale. . . ."

[2]NCL 1345: "Such maps and plats when made, acknowledged, filed and recorded with the county recorder, shall be a dedication of all such avenues, streets, lanes, alleys, commons, or other public places or blocks, and sufficient to vest the fee of such parcels of land as are therein expressed, named, or intended, for public uses for the inhabitants of such town and for the public, for the uses therein named or intended."

P.2d 417 (1968). One contention of the plaintiff-appellant is that the parcel reverted since the School District has never used it for the purposes intended.

Accordingly, we conclude that the district court erred in dismissing the complaint, and remand for further proceedings below.

Reversed and remanded.

BATJER, C. J., and MOWBRAY and MANOUKIAN, JJ., and ZENOFF, S. J.,[3] concur.

