JOHN C. RENSHAW, Appellant, *v.* DIANA D. RENSHAW, Respondent.

No. 11620

June 4, 1980                                    611 P.2d 1070

*Vargas, Bartlett & Dixon,* and *Albert F. Pagni,* Reno, for Appellant.

542

*Cooke, Roberts & Reese,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Diana and John Renshaw were married in 1958 and had three children during their marriage. The parties divorced April 27, 1977. Pursuant to the divorce, by written agreement, custody of the children was awarded to Diana and the agreement provided that John pay alimony and child support to Diana in one fixed sum per month for specified years until March 15, 1982, when the support payments would end.

The terms of the contract did not distinguish money given for child support from that for alimony. This was admittedly done in order that John obtain certain tax benefits. *See* Commissioner v. Lester, 366 U.S. 299 (1961). The property settlement agreement further provided for payments to be decreased by fifty percent (50%) upon the death of the wife and to cease upon the death of the husband. A paragraph of the agreement recites that this was an integrated agreement and that none of the provisions pertaining to support could be modified by any court or in any manner whatsoever other than by the subsequent written agreement of the parties.

A few months after the divorce and signing of the agreement, one of the children, Leslie, who was then sixteen years old, moved in with her father. John reduced his payments to Diana by twenty-five percent (25%) on the premise that Diana had a duty to support Leslie although she was no longer living with her mother. John commenced proceedings to modify the

decree for change of custody and for award of child support to which Diana responded and filed a separate action in breach of contract to recover the amount John deducted from his support payments. Ultimately the proceedings continued solely on the breach of contract action and, after trial, Diana was awarded the back payments of $1,762.50 which John had deducted for Leslie's support, and $1,000 for attorney fees. John appeals therefrom.

The property settlement agreement was neither incorporated in nor merged in the judgment and decree of the trial court. Therefore, this is clearly a breach of contract action. *See* Paine v. Paine, 71 Nev. 262, 287 P.2d 716 (1955).

John's contention that Diana has a legal obligation to support Leslie although she moved out of her mother's abode is without foundation.

It is clear from the document—the property settlement agreement—that the parties intended it to be a complete and integrated agreement and, thus, it is the court's responsibility to honor that intention. *See* Cord v. Neuhoff, 94 Nev. 21, 573 P.2d 1170 (1978). When the document is clear and unambiguous on its face, the court must construe it from the language therein. *See* Mohr Park Manor, Inc. v. Mohr, 83 Nev. 107, 424 P.2d 101 (1967); Club v. Investment Co., 64 Nev. 312, 182 P.2d 1011 (1947); Rankin v. New England M. Co., 4 Nev. 78 (1868).

The contract which was prepared by John, an experienced attorney, does not provide for modification. It makes no provision for any change of circumstances nor is there authority that allows him to peremptorily cease paying Diana the money called for in the agreement.

We affirm the judgment and assess interest at the rate of twelve percent (12%) per annum from the date of its entry, plus an additional $1,500 attorneys' fees on appeal, plus costs. NRAP 38(b).

MOWBRAY, C. J., GUNDERSON and BATJER, JJ., and ZENOFF, Sr. J.,[1] and GOLDMAN, D. J.,[2] concur.

[1] The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE GORDON THOMPSON, who voluntarily disqualified himself in this case. Nev. Const. art. 6, § 19; SCR 10.

[2] MR. JUSTICE NOEL MANOUKIAN voluntarily disqualified himself and took no part in this decision. The Governor, pursuant to art. 6, § 4, of the Constitution, designated Judge Paul S. Goldman of the Eighth Judicial District to sit in his stead.