DUANE J. WALLAKER, APPELLANT, v. DOROTHY WALLAKER, RESPONDENT.

No. 11445

January 28, 1982                                           639 P.2d 550

*Wiener, Goldwater & Waldman,* Las Vegas, for Appellant.

*George E. Graziadei,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant and respondent were divorced in 1969. The decree of divorce confirmed a property settlement agreement, and stated that the agreement was "not incorporated in this decree, but shall survive the decree herein granted." Eight years later,

---

[3]The Chief Justice has designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON M. BATJER, Justice, retired. Nev. Const., art. 6, § 19(1)(c); SCR 10.

appellant filed an action to reform the property settlement agreement as to alimony payments. The complaint acknowledged that the district court could not modify the divorce decree. *See* Rush v. Rush, 82 Nev. 59, 410 P.2d 757 (1966). However, the complaint sought reformation of the property settlement agreement itself, relying on the contractual theories of fraud and mutual mistake.

At the conclusion of the trial, the district court declined to rule on the merits of the complaint for reformation. Instead, the district court ruled that the court "lacks jurisdiction to modify the property settlement." Judgment was entered for respondent, and this appeal followed.

Because the property settlement agreement was neither merged nor incorporated into the divorce decree, this action should have been decided on principles of general contract law. *See* Renshaw v. Renshaw, 96 Nev. 541, 611 P.2d 1070 (1980). Although the district court could not have modified the divorce decree, respondent has cited no authority for the proposition that the district court was precluded from granting reformation of the property settlement agreement. The district court should have ruled on the merits of appellant's complaint.

Ordinarily, we would remand this matter for findings and conclusions on the merits of the reformation action. *See, e.g.,* Noble v. Noble, 86 Nev. 459, 470 P.2d 430 (1970); Pease v. Taylor, 86 Nev. 195, 467 P.2d 109 (1970). However, we are unable to do so in this case because the district court judge who heard the case is now deceased. We therefore reverse and remand for a new trial.