# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT G. REYNOLDS, AN
INDIVIDUAL; AND DIAMANTI FINE
JEWELERS, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Appellants,
vs.
RAFFI TUFENKJIAN, AN
INDIVIDUAL; AND LUXURY
HOLDINGS LV, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondents.

No. 78187

FILED

NOV 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This appeal challenges a district court summary judgment in a breach of contract and tort matter. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Appellant Robert Reynolds purchased Diamanti Fine Jewelers (the jewelry store) through his limited liability company, Diamanti Fine Jewelers, LLC (Diamanti LLC). Diamanti LLC purchased the jewelry store from respondent Raffi Tufenkjian through Tufenkjian's limited liability company, Luxury Holdings LV, LLC (Luxury LLC). Applicable here, Reynolds and Diamanti LLC (collectively, Reynolds) later sued Tufenkjian and Luxury LLC (collectively, Tufenkjian) for intentional misrepresentation and elder abuse.[1] The district court granted summary

---

[1]We dismissed this appeal as to Reynolds' negligent misrepresentation and breach of contract claims in *Reynolds v. Tufenkjian*, 136 Nev., Adv. Op. 19, 461 P.3d 147, 154 (2020), and, therefore, we do not address those claims here.

20-42568

judgment in favor of Tufenkjian, finding that non-reliance clauses within the parties' contract barred Reynolds' intentional misrepresentation claims as a matter of law. The district court also found that the lack of any "actionable misrepresentations" caused Reynolds' elder abuse claim to fail. Reynolds now appeals that decision.

We review a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.* When deciding a summary judgment motion, all evidence must be viewed in a light most favorable to the nonmoving party. *Id.* The interpretation of an unambiguous contract's language is a question of law we review de novo. *See Galardi v. Naples Polaris, LLC*, 129 Nev. 306, 309, 301 P.3d 364, 366 (2013).

Reynolds first argues that non-reliance clauses cannot bar intentional misrepresentation claims as a matter of law under *Blanchard v. Blanchard*, 108 Nev. 908, 839 P.2d 1320 (1992). Tufenkjian disagrees, arguing that *Blanchard* only addresses integration and waiver clauses, not non-reliance clauses. We conclude that we need not reach the merits of Reynolds' argument here because the contract does not contain a non-reliance clause.

The relevant clause[2] states:

---

[2]In support of his arguments, Tufenkjian identifies two other clauses, contained in the offer to purchase rather than the contract at issue, but we conclude that these other clauses are irrelevant. The first pertains to representations made by the broker, rather than Tufenkjian, and the second had already expired by its plain language.

> The parties hereto agree that no representations have been made by either party, or agent/broker if any, other than those specifically set forth in this agreement and the sale agreement(s). It is further understood and agreed that the Buyer has made his own independent investigation of the subject business and has satisfied himself with his ability to conduct the same, and is now purchasing said business with the clear and distinct understanding and agreement that all profits are future, to be arrived at from his own resources and labors.

The clause is not titled, and we conclude it is an integration clause. Notably, the first sentence is substantially similar to the integration clause we addressed in *Blanchard*, which, in pertinent part, stated: "Each of the parties expressly certifies that . . . no representations of fact have been made by either party to the other except as herein expressly set forth . . . ." 108 Nev. at 912 n.1, 839 P.2d at 1322 n.1. The words "rely" or "reliance" appear nowhere in the clause, and we conclude it lacks the hallmark language of a non-reliance clause. *See Slack v. James*, 614 S.E.2d 636, 640 (S.C. 2005) (noting that non-reliance clauses generally include one of these words). And, as we stated in *Blanchard*, "integration clauses do not bar claims for [intentional] misrepresentation." 108 Nev. at 912, 839 P.2d at 1322-23; *see also Epperson v. Roloff*, 102 Nev. 206, 211, 719 P.2d 799, 802 (1986) (rejecting the argument that an integration clause barred a misrepresentation claim). Accordingly, the district court erred by finding this clause barred Reynolds' misrepresentation claims.

We will still affirm, however, if the district court reached the correct result, *see Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010), and we therefore consider whether summary judgment was nevertheless appropriate. To prove intentional misrepresentation, Reynolds must show that Tufenkjian made a false

representation, knew the representation was false, and intended to induce Reynolds to act based on the representation. *See Blanchard*, 108 Nev. at 910-11, 839 P.2d at 1322. Reynolds must also show that he justifiably relied on Tufenkjian's representation and that he was damaged as a result of that reliance.[3] *Id.* at 911, 839 P.2d at 1322. To show justifiable reliance, Reynolds must show that the false representation "*played a material and substantial part in leading [him] to adopt his particular course.*" *Id.* (emphasis in original) (quoting *Lubbe v. Barba*, 91 Nev. 596, 600, 540 P.2d 115, 118 (1975)).

Reynolds admits that he conducted an independent investigation. "Generally, a plaintiff making 'an independent investigation will be charged with knowledge of facts which reasonable diligence would have disclosed. Such a plaintiff is deemed to have relied on his own judgment and not on the defendant's representations.'" *Blanchard*, 108 Nev. at 912, 839 P.2d at 1323 (quoting *Epperson*, 102 Nev. at 211, 719 P.2d at 803). However, an independent investigation does not preclude finding justifiable reliance "*where the falsity of the defendant's statements is not apparent from the inspection, where the plaintiff is not competent to judge the facts without expert assistance, or where the defendant has superior knowledge about the matter in issue.*" *Id.* (emphasis in original) (quoting *Epperson*, 102 Nev. at 211-12, 719 P.2d at 803). And, whether the alleged misrepresentations should have been discovered during a party's independent investigation is a question of fact. *See id.* (recognizing that such a determination "may not be dispensed with as a matter of law").

---

[3]The parties do not address the damages element on appeal.

We have carefully reviewed the record and conclude that genuine issues of material fact remain regarding Reynolds' misrepresentation claims. Reynolds first alleged that Tufenkjian misrepresented the amount of revenue the jewelry store earned each year and presented tax returns, internal store records, and deposition testimony tending to show that the store earned less than Tufenkjian claimed. Reynolds next alleged that Tufenkjian misrepresented the price of the jewelry store's inventory "at cost" and presented emails from the sale broker and internal store records suggesting that Tufenkjian inflated the "at cost" price to cover his brokerage fees. Reynolds next alleged that Tufenkjian misrepresented that various store fixtures were included in the sale and presented the store's lease which appears to show that the fixtures belong to the building's lessor and Tufenkjian therefore could not sell them to Reynolds. Reynolds finally alleged that Tufenkjian misrepresented the number of unique customers the jewelry store had and presented internal store records and deposition testimony suggesting the store had far fewer customers than Tufenkjian claimed. Viewed in the light most favorable to Reynolds, *see Wood*, 121 Nev. at 729, 121 P.3d at 1029, these allegations are sufficient to generate a triable question of fact on his misrepresentation claims.

And, while Reynolds conducted an independent investigation, whether he should have discovered Tufenkjian's alleged misrepresentations during that investigation is a question for the trier of fact. *See Blanchard*, 108 Nev. at 912, 839 P.2d at 1323. Therefore, genuine issues of material fact remain as to whether Reynolds justifiably relied on Tufenkjian's representations. As such, we reverse and remand for further proceedings on the intentional misrepresentation claims.

We also conclude, however, that the district court properly granted summary judgment to Tufenkjian on the elder abuse claim. As pertinent here, NRS 41.1395 protects an "older person" against monetary loss "caused by exploitation" by "a person who has the trust and confidence" of the elderly person. *See* NRS 41.1395(1), (4)(b). The undisputed facts here show that Reynolds was purchasing a business from Tufenkjian at arms' length—not that Tufenkjian had a relationship of "trust and confidence" with Reynolds. *Cf. Powers v. United Servs. Auto. Ass'n*, 114 Nev. 690, 701, 962 P.2d 596, 603 (1998) (explaining that a fiduciary has a relationship of trust and confidence); *Greenberg's Estate v. Skurski*, 95 Nev. 736, 739, 602 P.2d 178, 179 (1979) (observing that agency relationships are grounded on the trust and confidence of the principal); *Rush v. Rush*, 85 Nev. 623, 626, 460 P.2d 844, 845 (1969) (noting the relationship of trust and confidence between a husband and wife). Accordingly, we affirm summary judgment as to this claim. Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Mark R. Denton, District Judge
Lansford W. Levitt, Settlement Judge
Marx Law Firm, PLLC
Marquis Aurbach Coffing
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A